972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Calvin ELLIS, Appellant.
 No. 92-1515EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 3, 1992.
Filed: August 17, 1992.
 
 Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Calvin Ellis appeals his conviction for stealing money from an Arkansas bank and transporting the stolen money. See 18 U.S.C. §§ 2113(b), 2314 (1988 & Supp. II 1990). We affirm.
 
 
 2
 During Ellis's trial, the prosecutor referred to Ellis's postarrest silence exercised in response to a Miranda warning. First, the prosecutor asked an FBI agent whether he interviewed Ellis after the arrest. After the agent testified he had "tried to interview [Ellis] after advising him of his rights," the district court sustained defense counsel's objection and granted a request for a curative jury instruction. Second, the prosecutor asked Ellis if he made a postarrest statement to the police. The district court sustained defense counsel's objection to this question as well, but no curative instruction was requested or given. The prosecutor then asked Ellis if he had explained his exculpatory story to the police earlier. Defense counsel did not object to this question, and Ellis answered "no."
 
 
 3
 Ellis contends he is entitled to a new trial because the prosecutor's references to his postarrest silence violated due process. In Doyle v. Ohio, 426 U.S. 610, 619 (1976), the Supreme Court held the use of an arrested person's silence to impeach an explanation first offered at trial violates due process. We conclude the prosecutor violated Doyle.
 
 
 4
 Doyle violations do not require reversal if they are harmless beyond a reasonable doubt. Bass v. Nix, 909 F.2d 297, 304 (8th Cir. 1990). In deciding whether Doyle violations are harmless, we consider "whether the [prosecutor] made repeated Doyle violations, whether any curative effort was made by the trial court, whether the defendant's exculpatory evidence is 'transparently frivolous,' and whether the other evidence of the defendant's guilt is 'otherwise overwhelming.' " Id. at 305 (quoting United States v. Shaw, 701 F.2d 367, 382 (5th Cir. 1983), cert. denied, 465 U.S. 1067 (1984)).
 
 
 5
 Although the prosecutor made Doyle violations, the district court sustained defense counsel's objections and gave a curative instruction. Defense counsel admitted in oral argument the district court would have given another curative instruction if requested. The district court found Ellis's exculpatory story was transparently frivolous given Ellis's standard of living and income. The district court also found the evidence of Ellis's guilt was overwhelming. Ellis's car was seen being driven around town early in the morning during the weekend of the theft. Ellis traveled from Arkansas to Illinois to exchange about $7300 in coins for paper currency. Ellis acted suspiciously and gave the Illinois bank teller a false name. When asked for identification, Ellis left the bank with the coins, and the teller called the police. After a high speed automobile chase, Ellis tried to elude the police on foot. The police found the coins under a false partition in the trunk of Ellis's car. The coins closely matched the amount and denomination of the coins stolen from the Arkansas bank. Many coins had identifying marks, and others were bundled together like those kept in the bank. The police also found coin wrappers signed by the Arkansas bank's customers, and the car trunk and money bags found inside were covered with insulation identical to that found in the bank break-in area. In addition, police found a hair in the Arkansas bank vault consistent with Ellis's hair. Having carefully reviewed the record, we agree with the district court the Doyle violations were harmless beyond a reasonable doubt.
 
 
 6
 Ellis also contends that the prosecutor's improper questions rendered his trial fundamentally unfair, see Greer v. Miller, 483 U.S. 756, 765-67 (1987), and that the district court committed plain error by not preventing the last Doyle violation sua sponte, thus creating a miscarriage of justice, see United States v. Schmidt, 922 F.2d 1365, 1369 (8th Cir. 1991). Having found the Doyle violations harmless, we conclude these contentions lack merit.
 
 
 7
 Accordingly, we affirm.